KIMBERLY AROUH (SBN 163285)
kimberly.arouh@bipc.com
KOMAL JAIN (SBN 309827)
komal.jain@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax:        619 702 3898

MICHAEL D. HALL (admitted *pro hac vice*)
michael.hall@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, NJ 07102-4582
Telephone: 973 424 5609
Fax:        973 273 9430

Attorneys for Defendants
Pacific Harbor Line, Inc. and Anacostia Rail Holdings Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE PATE,<br><br>                Plaintiff,<br><br>  vs.<br><br>PACIFIC HARBOR LINE, INC.;<br>ANACOSTIA RAIL HOLDINGS<br>COMPANY; and DOES 1 – 10,<br><br>                Defendants. | Case No.: 5:21-cv-01300-JWH-SHK<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO BRIEFLY EXTEND SEPTEMBER 15, 2023 DISCOVERY AND SUPPLEMENTAL BRIEFING DEADLINES TO SEPTEMBER 21, 2023**<br><br>Date:    September 29, 2023<br>Time:   9:00 a.m.<br>Judge:  Honorable John W. Holcomb<br>Crtrm:  9D (9th Floor)<br><br>Action Filed: August 02, 2021<br>Trial Date: Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that by this *ex parte* application, Defendants Pacific Harbor Line, Inc. ("PHL") and Anacostia Rail Holdings Company ("Anacostia") (collectively "Defendants") apply for an order : (1) extending the September 15, 2023 deadline for supplemental discovery pertaining to the Order to Show Cause ("OSC") that was set in the Court's August 22, 2023 Order (ECF 136); and (2) extending the September 15, 2023 deadline for the parties to file simultaneous supplemental responses to the OSC that was set in the Court's June 27, 2023 Order Regarding Schedule for Proceedings on OSC Re: Rule 11 Sanctions [ECF No. 114] (ECF 128). Defendants expressly want to keep the September 29, 2023 OSC hearing date.

In short, the requested relief is necessary because: (a) the subpoenaed parties refused to comply with validly served subpoenas prior to the intervention of the Magistrate Judge; (b) there was a Magistrate Judge-ordered freeze on depositions issued on August 22, 2023 that was lifted after hours on September 6, 2023, (c) during their depositions set after the September 6, 2023 order lifted the discovery freeze, the subpoenaed parties and Mr. Pate refused to comply with their discovery obligations that go to the heart of the Alleged Forgery at issue in the OSC, and (d) Defendants are currently seeking relief from the Magistrate Judge on six discrete discovery issues, and once the discovery issues are resolved, Defendants would need to complete depositions and draft their briefs.

Specifically, following the Court's June 27, 2023 Order, Defendants served supplemental discovery on non-parties, non-parties objected, and applications for relief were filed by Plaintiff and Non-Parties on August 14, 2023 before the Magistrate Judge and by Defendants in this Court on August 21, 2023. Defendants' *ex parte* application to obtain compliance with their subpoenas was referred to the Magistrate Judge for resolution on August 22, 2023. (ECF 136). At the informal

1

DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO BRIEFLY EXTEND SEPTEMBER 15, 2023 DISCOVERY AND SUPPLEMETNAL BRIEFING DEADLINES TO SEPTEMBER 21, 2023     Case No. 5:21-cv-01300-JWH-SHK

discovery dispute conference on August 22, 2023, the Magistrate Judge ordered that "no depositions will go further pending further order of the Court." (ECF 141).

The freeze on depositions was lifted on September 6, 2023 after business hours, when the Magistrate Judge issued an order governing the scope of supplemental discovery applicable to the subpoenaed law firms and their former members, and authorized Defendants' supplemental depositions to proceed. Between Thursday, September 7, 2023 and Thursday, September 14, 2023, Defendants diligently sought to meet and confer with non-parties and Plaintiff to schedule and take the depositions of: (1) the 30(b)(6) witness for Hadsell Stormer Renick & Dai LLP (the "Hadsell Firm"), (2) the 30(b)(6) witness for Julien Mirer Singla & Goldstein PLLC (the "Julien Firm"), (3) Kristina Mazzocchi, (4) Paul Brewer, (5) the 30(b)(6) witness for the Law Firm of Azukah Uzoh (the "Uzoh Firm") (Plaintiff Pate's counsel in 2018), and (6) Plaintiff Pate.

Between September 7, 2023 and September 14, 2023, Defendants took the depositions of the Hadsell Firm (subpoenaed for 8/10/23, and taken on 9/11/23), Ms. Mazzocchi (subpoenaed for 8/9/12, and taken on 9/12/23), the Julien Firm (subpoenaed for 8/11/23 and taken on 9/12/23), and Mr. Pate (taken 9/13/23), but Defendants could not complete the depositions due to Non-Parties' and Plaintiff's non-compliance with court orders. Despite valid subpoenas, Non-Parties the Uzoh Firm (subpoenaed for 9/14/23) and Paul Brewer (subpoenaed for 8/8/23) have not been deposed.

On September 14, 2023, Defendants sought relief from the Magistrate Judge regarding six discovery issues that go to the heart of the OSC. The information and documents at issue in the six discovery disputes are applicable to each of the six depositions, which have been left open pending resolution of the discovery disputes. The six issues are:

1. The Julien Firm's refusal to produce documents and metadata related to the Magistrate Judge's Order. Dkt No. 151, including a pre-2021 version of the 2014 Grievance.
2. The Julien Firm's refusal to provide a privilege log in accordance with the Magistrate Judge's Order. Dkt No. 151, including regarding a pre-2021 document that discusses the 2014 Grievance.
3. The Julien Firm's attempt to re-designate its 30(b)(6) witness on the two topics in the September 6, 2023 order after deposition testimony was already provided pursuant to the Magistrate Judge's Order. Dkt. No. 151.
4. Plaintiff Lonnie Pate's failure to search for or produce documents and metadata pursuant to Defendants' deposition notice (including a pre-2021 version of the 2014 Grievance), and when asked about the relevant documents, counsel refused to have Plaintiff produce them, let alone search for the relevant documents.
5. Paul Brewer's failure to schedule his deposition pursuant to the Court's Order. Dkt. No. 151.
6. The refusal of Plaintiff Pate's counsel in 2018, Azuka Uzoh Law Firm, to appear per subpoena for its deposition on September 14, 2023, and its refusal to agree that in lieu of a deposition it would provide a declaration stating that prior to February 2021 it did not have the 2014 Grievance.

The six discovery issues go to the very heart of the OSC—the provenance of the Alleged Forgery.

The six open discovery issues go to the heart of the OSC, including whether the 2014 Grievance that Defendants allege is a forgery was created by Plaintiff Pate on September 15, 2014, and/or whether it was created by someone else or modified by someone else after it was created. The Julien Firm produced a printed-out image of the 2014 Grievance that it received electronically in 2018 under the file name "I

3

DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO BRIEFLY EXTEND SEPTEMBER 15, 2023 DISCOVERY AND SUPPLEMETNAL BRIEFING DEADLINES TO SEPTEMBER 21, 2023        Case No. 5:21-cv-01300-JWH-SHK

Lonnie Pate.docx", however, the Julien Firm is refusing to produce the electronic file for the "I Lonnie Pate.docx" with intact metadata, which would show the creation and modification history, among other key information. Mr. Pate is refusing to even search for, let alone produce, the 2014 Grievance at issue that is accessible through his Google (Gmail) Account that he still has. Significantly, the Julien Firm has advised that the metadata for a 2014 Grievance it produced on September 11, 2023 shows it was created by a legal assistant for the Julien Firm in 2018. The Julien Firm is refusing to produce the actual Google electronic document with intact metadata.

In terms of timing, on August 22, 2023, this Court previously granted a 12-day extension of supplemental discovery from September 2 to September 15, 2023, however, Defendants were judicially prohibited from taking any depositions from August 22, 2023 through September 6, 2023. The 6-day extension (four business days) on the supplemental discovery and the briefing requested from Friday September 15, 2023 to Thursday, September 21, 2023 would hopefully enable the Magistrate Judge time to address the six discovery issues (a hearing date on September 15 has been proposed), and assuming the Magistrate Judge issues an order on September 15, it would then give the Defendants four business days to take or complete the six depositions and to file their supplemental OSC briefing.

This application is made pursuant to this Court's Standing Order, Central District of California Local Rule 7-17 (Resubmission of Motions Previously Acted Upon), Rules 45 and 30(b)(6) of the Federal Rule of Civil Procedure 45, Rules 45 and 30(b)(6), the June 27, 2023 Order granting, in part, Defendants request for supplemental discovery made in Defendants' Reply (ECF 114), and all records and pleadings in the above captioned matter, on the grounds that the interests of justice will be served by the issuance of the requested relief. Based on the foregoing, this *ex parte* application, the attached Memorandum of Points and Authorities, the Declaration of Kimberly

4

DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO BRIEFLY EXTEND SEPTEMBER 15, 2023 DISCOVERY AND SUPPLEMETNAL BRIEFING DEADLINES TO SEPTEMBER 21, 2023           Case No. 5:21-cv-01300-JWH-SHK

Arouh with exhibits, and in the interests of justice and fairness, Defendants respectfully request the Court issue the requested order.

DATED: September 14, 2023        /s/ *Kimberly Arouh*
                                       Kimberly Arouh, Esq.