UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                         Date: September 21, 2023

Title  **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

Present: The Honorable:  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings (IN CHAMBERS):**   **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO BRIEFLY EXTEND SEPTEMBER 15, 2023 DISCOVERY AND SUPPLEMENTAL BRIEFING DEADLINES TO SEPTEMBER 21, 2023 PURSUANT TO ORDER FOR SUPPLEMENTAL DISCOVERY (ECF NO. 128)**

**I.     BACKGROUND**

This case involves the allegedly wrongful firing of Mr. Lonnie Pate ("Plaintiff" or "Mr. Pate") and other actions allegedly taken by Defendants Pacific Harbor Line, Inc., and Anacostia Rail Holdings (collectively, "Defendants") against Plaintiff based on his race.  See generally Electronic Case Filing Number ("ECF No.") 18, First Amended Complaint.

Upon the discovery of what Defendants contend is the true version of a grievance that Mr. Pate submitted in September 2014, on May 4, 2023, Defendants filed a Notice of Motion and Motion for Sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11 ("Sanctions Motion"), ECF No. 94, alleging that Mr. Pate and Plaintiff's counsel fabricated a grievance document allegedly submitted by Mr. Pate in 2014 that included inflammatory racist terms and a threatening movement by Mr. Pate's supervisor, which is referred throughout the various briefs by various terms, but which this Magistrate Judge will refer to as the Defendants' Version and which this Court previously referred to as the Alleged Forgery.[1]  On May 30, 2023, the District Judge issued an Order to Show Cause ("OSC"), ECF No. 114, in which the Court ordered Mr. Pate and his counsel "to show cause why the Court should not impose sanctions—including the dismissal of this case and an award of attorneys' fees to Defendants—for the failure of Pate, or his counsel, or both, to comply with Rule 11(b)(2)."  ECF No. 114, OSC at 1.

---

[1] By using the term "Forgery" the Magistrate Judge is not professing any qualitative assessment of the allegation or the accusation by Defendants' counsel.  It is only to maintain consistency with the term that the District Judge used in several previously issued orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                                   Date: September 6, 2023

Title   **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

Specifically, in the OSC, the Court ordered, in pertinent part:

1. Pate and his counsel (including, but not limited to, attorney Kristina Mazzocchi) are **DIRECTED** to show cause in writing, no later than June 9, 2023, (a) why Pate's reliance on the Alleged Forgery for the allegations set forth in the Amended Complaint did not violate Rule 11(b); and (b) why Pate and his counsel (including, but not limited to, attorney Kristina Mazzocchi) should not be sanctioned under Rule 11(c)(1), L.R. 11-9, and L.R. 83-7. Each response shall be no longer than 25 pages.

2. In addition to her written response, Attorney Kristina Mazzocchi[, Mr. Pate's previous counsel,] is **DIRECTED** to include a declaration or affidavit describing in detail her knowledge and involvement in the creation and production of the Alleged Forgery.

3. In addition to their written response, Pate's counsel are **DIRECTED** to include a declaration or affidavit describing in detail (a) the circumstances of attorney Kristina Mazzocchi's request to withdraw as counsel [ECF No. 95] following Defendants' filing of the instant Motion; and (b) why paralegal Paul Brewer requested to be removed from all communications involving Mazzocchi.

Id. at 6 (emphasis in original).

Ms. Mazzocchi was a former counsel for Mr. Pate and states that she left that firm in December 2021, which continues to represent Mr. Pate and is currently known as the Julien Firm, Ms. Mazzocchi ceased to represent Mr. Pate in this matter at that time. Mr. Brewer is a former paralegal at the Julien Firm and he sent an e-mail to counsel in this matter when the Sanctions Motion was electronically served on counsel.

After additional briefs were filed in the matter, including the declarations by Ms. Mazzocchi and other counsel for Mr. Pate, see ECF No. 121, Pl.'s Counsel's Resp. to OSC re: Sanctions, which were ordered by the Court, and responsive briefs by Defendants, see ECF Nos. 116, 122-124, on June 27, 2023, the Court issued an Order Regarding Schedule for Proceedings on OSC Re: Rule 11 Sanctions ("Order for Discovery"), ECF No. 128, in which the Court found that "further discovery and briefing appear necessary before the Court conducts a hearing on the OSC or issues any rulings concerning the Alleged Forgery." Id. at 1. In relevant part, the Court ordered: "Pate and Defendants are **DIRECTED** to conduct and complete supplemental discovery pertaining to the OSC (including a supplemental deposition of non-party Jose Covarrubias) no later than September 1, 2023."[2] Id. at 2 (emphasis in original). The Court also

---

[2] Mr. Covarrubias was a fact witness who had previously been deposed and was asked about the Alleged Forgery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                                          Date: September 6, 2023

Title  ***Lonnie Pate v. Pacific Harbor Line, Inc., et al.***

continued the date for the related OSC hearing and to serve the appropriate orders and briefing on Ms. Mazzocchi.  Id.

Following this Order for Discovery, Defendants served the following deposition notices pursuant to Rules 45 and 30(b)(6) accompanied with requests for production:

- A deposition notice to Mr. Brewer in his individual capacity, ECF No. 135-2, Exh. A to Declaration of Kimberly Arouh in support of Defs.' Ex Parte App. for Order Compelling Compliance with 6-27-03 Order Granting Supp. Discovery Regarding Order to Show Cause and Briefly Extend Supp. Discovery Deadline ("Arouh Decl.") at 8-12;
- A request for production of documents accompanying the deposition notice to Mr. Brewer with 28 categories attached to the notice of deposition,[3] id. at 13-20;
- A deposition notice to Ms. Mazzocchi in her individual capacity, id., Exh. B to Arouh Decl. at 184-88
- A request for production of document accompanying the deposition notice to Ms. Mazzocchi, as well as a request for a privilege log seeking 23 categories of documents, id. at 189-96;
- A deposition notice to Mr. Pate's co-counsels' firm, HSRD, listing 39 deposition categories pursuant to Rule 30(b)(6), id., Exh. C to Arouh Decl. at 202-15;
- A request for production of document accompanying the deposition notice to HSRD as well as a request for a privilege log seeking 32 categories of documents, id. at 215-19;
- A deposition notice to the Julien Firm, listing 40 deposition categories pursuant to FRCP 30(b)(6), id., Exh. D to Arouh Decl. at 226-38;
- A request for production of document accompanying the deposition notice to the Julien Firm as well as a request for a privilege log seeking 33[4] categories of documents, id. at 238-42;

The parties then engaged in significant discovery, resulting in objections to the deposition notices and the requests for production by Mr. Pate, id., Exhs. E-H at 248-349; correspondence between the counsel related to the subpoenas, id. at Exhs. I, Q-U at 350-53, 423-64; objections to several of the notices and requests for production from HSRD, id. at Exhs. J-M at 354-411; and correspondence between various counsel and Mr. Brewer, id. at Exhs. N-P at 412-22.

---

[3] The subpoenas also included attachments, including the Alleged Forgery; a declaration by a counsel, Debra L. Fischer, who conducted an internal investigation in 2014 regarding Mr. Pate's complaint and declared that she had never seen the Alleged Forgery; various orders and filings from this lawsuit, which included the various declarations of Ms. Mazzocchi and others; and letters between counsel regarding discovery in this case.  ECF No. 135-2, Exh. A to Arouh Decl. at 21-182.

[4] The notice numbers the last document request as 41, when there actually appear to only be 33 categories set out in the document request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                    Date: September 6, 2023

Title   ***Lonnie Pate v. Pacific Harbor Line, Inc., et al.***

In response to an Ex Parte Application to extend the discovery date, ECF No. 135, the Court granted the extension until September 15, 2023 and referred the application pertaining the dispute regarding the scope of the appropriate discovery to the Magistrate Judge, ECF No. 136.

Subsequent to this referral, Plaintiff filed an opposition to the ex parte application, ECF No. 137, as did Ms. Mazzocchi, ECF No. 138. The Magistrate Judge then held an informal discovery hearing at which time the parties were ordered to further meet and confer regarding the scope of the discovery and to particularly identify the document requests that were propounded by Defendants and topics in a deposition notice that were propounded to the Julien Firm and HSRD, which remained at issue. ECF No. 141, Minute Order. The Magistrate Judge stayed any discovery related to the Defendants' Version until a ruling was issued, which included the deposition of Mr. Brewer and Ms. Mazzocchi. Id.

Following the informal discovery hearing, and at the Magistrate Judge's request, Ms. Mazzocchi filed a supplemental brief, ECF No. 144, Mazzocchi Supp. To Ex Parte App., as did HSRD, ECF No. 145 Supp. to Objection/Opposition, and the Julien Firm, ECF No. 147, Opp'n to Ex Parte App. Defendants filed their brief the following day. ECF No. 149, Supp. Ex Parte Appl. ("Defendants' Brief").

On September 6, 2023, the Magistrate Judge issued an extensive order related to the scope of the discovery that could be taken from the parties and non-parties. ECF No. 151, Order Re: Discovery Pursuant to Order for Supplemental Discovery ("Supp. Dis. Order"). Specifically, the Court ordered that the discovery in this matter is limited to the following categories of information from Ms. Mazzocchi, Mr. Brewer, HSRD, and the Julien Firm:

- The receipt, review, production, and steps taken (if any) related to the authentication of Alleged Forgery prior to its production in February 2021 – this does not include any information related to opposing the Sanctions Motion, the OSC, or the Order for Discovery; and
- The receipt of the Defendants' version of Mr. Pate's 2014 grievance – this does not include any information related to opposing the Sanctions Motion, the OSC, or the Order for Discovery.

As for any privilege logs, it shall be limited to materials and communications created prior to February 2021 and related to the categories of discovery identified previously. In addition to these two categories, Defendants may properly inquire about information that may be used to properly impeach the credibility of a witness under the Federal Rules of Evidence. All other requests and topics propounded by Defendants are quashed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                                      Date: September 6, 2023

Title         ***Lonnie Pate v. Pacific Harbor Line, Inc., et al.***

After additional disputes appeared to have arisen following the supplemental discovery, on September 14, 2023, Defendants filed their Ex Parte Application for an Order Briefly Extend September 15, 2023 Discovery and Supplemental Briefing Deadlines to September 21, 2023 ("Defs.' Ex Parte App.), ECF No. 154, and a supporting memorandum, ECF No. 154-1 ("Defs.' Mem.").  On that same day, Defendants contacted the Magistrate Judge's chambers to schedule an informal discovery conference for the following day seeking relief related to six areas of dispute, which are the same six areas identified in the current Ex Parte Application, ECF No. 154 at 4, which the Court set at 8:30 a.m., ECF No. 153.  After hearing extensive argument, the Magistrate Judge issued a minute order, in which the Julien Firm was ordered to provide a privilege log related to a redacted document produced in response to the supplemental discovery response, and the Magistrate Judge denied the relief Defendants sought without prejudice, because of the September 15, 2023 discovery deadline that was in place.  ECF No. 153, Minute Order.

On September 15, 2023, counsel for Ms. Mazzocchi filed a Supplemental Response to OSC and Rule 11 Motion; Request for Sanctions; Declaration of Scott B. Garner ("Mazzocchi Supp. Resp."), ECF No. 156, and Plaintiff filed an Opposition to Defs.' Ex Parte App. ("Pl's Opp'n to Ex Parte App."), ECF Nos. 157, 157-1.  On Monday, September 18, 2023, the matter was referred to the Magistrate Judge.  ECF No. 163.  Because the Magistrate Judge reads the referral to be limited to the issue of extending the supplemental discovery and briefing deadline, the Magistrate Judge will not address the motion for sanctions set forth in Ms. Mazzocchi's response and which may be raised before the District Judge as it does not appear to involve the abuse of the discovery process, which falls within the Magistrate Judge's purview.

## II.     THE PARTIES' ARGUMENTS

### A.  Defendants' Arguments in the Ex Parte Application

Defendants argue:

relief is necessary because: (a) the subpoenaed parties refused to comply with validly served subpoenas prior to the intervention of the Magistrate Judge; (b) there was a Magistrate Judge-ordered freeze on depositions issued on August 22, 2023 that was lifted after hours on September 6, 2023; (c) during their depositions set after the September 6, 2023 order lifted the discovery freeze, the subpoenaed parties and Mr. Pate refused to comply with their discovery obligations that go to the heart of the Alleged Forgery at issue in the OSC; and (d) Defendants are currently seeking relief from the Magistrate Judge and 6 discrete discovery issues, and once the discovery issues are resolved, Defendants would need to complete depositions and draft their briefs.

ECF No. 154, Defs.' Ex Parte App. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                  Date: September 6, 2023

Title   **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

    Defendants state that they served supplement discovery on the non-parties, resulting in objections, a referral of the disputes to the Magistrate Judge, and a freeze by the Magistrate Judge on the supplemental discovery pending a ruling on the various supplemental discovery motions, which was lifted after hours on September 6, 2023. Id. at 2-3. After the discovery order was lifted, Defendants diligently sought 30(b)(6) testimony from HSRD, the Julien Firm, and the Law Firm of Azuka Uzoh (the "Uzoh Firm") and individual testimony from Ms. Mazzocchi, Mr. Brewer, and Plaintiff. Id. at 3. The HSRD deposition was taken on September 11, 2023 (subpoenaed on 8/10/23), the Julien Firm deposition was taken on September 12, 2023 (subpoenaed on 8/11/23), and Plaintiff's deposition was taken on September 13, 2023. Id. Defendants contend that these depositions could not be completed "due to Non-Parties' and Plaintiff's non-compliance with court orders." Id. "Despite valid subpoenas, Non-Parties the Uzoh Firm (subpoenaed for 9/14/23) and Paul Brewer (subpoenaed for 8/8/23) have not been deposed." Id.

    The six areas of discovery Defendants seek relief regarding and which were presented to the Magistrate Judge were the following:

    1. The Julien Firm's refusal to produce documents and metadata related to the Magistrate Judge's Order. Dkt. No. 151, including a pre-2021 version of the 2014 Grievance.

    2. The Julien Firm's refusal to provide a privilege log in accordance with the Magistrate Judge's Order. Dkt. No. 151, including regarding a pre-2021 document that discusses the 2014 Grievance.

    3. The Julien Firm's attempt to re-designate its 30(b)(6) witness on the two topics in the September 6, 2023 order after deposition testimony was already provided pursuant to the Magistrate Judge's Order. Dkt. No. 151.

    4. Plaintiff Lonnie Pate's failure to search for or produce documents and metadata pursuant to Defendants' deposition notice (including a pre-2021 version of the 2014 Grievance), and when asked about the relevant documents, counsel refused to have Plaintiff produce them, let alone search for the relevant documents.

    5. Paul Brewer's failure to schedule his deposition pursuant to the Court's Order. Dkt. No. 151.

    6. The refusal of Plaintiff Pate's counsel in 2018, Azuka Uzoh Law Firm, to appear per subpoena for its deposition on September 14, 2023, and its refusal to agree that in lieu of a deposition it would provide a declaration stating that prior to February 2021 it did not have the 2014 Grievance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                             Date: September 6, 2023

Title     **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

> The six discovery issues go to the very heart of the OSC—the provenance of the Alleged Forgery.

Id.

Defendants argued that the printout of the grievance provided from the Julien Firm shows that the 2014 grievance was "received electronically in 2018 under the file name 'I Lonnie Pate.docx', however, the Julien Firm is refusing to produce the electronic file for the 'I Lonnie Pate.docx' with intact metadata, which would show the creation and modification history, among other key information. [Further,] Mr. Pate is refusing to even search for, let alone produce, the 2014 Grievance at issue that is accessible through his Google (Gmail) Account that he still has." ECF No. 154-1, Defs.' Mem. at 5.

Defendants state that "the Julien Firm has advised the metadata for a 2014 Grievance it produced on September 11, 2023 shows that it was created by a legal assistant for the Julien Firm in 2018. The Julien Firm is refusing to produce the actual Google electronic document with intact metadata." Id. at 6. This is part of the request to the Magistrate Judge. Id. Defendants also ask that Plaintiff produce the "I Lonnie Pate.docx" file, the accompanying metadata, and allow the continuation of Plaintiff's deposition. Id.

Defendants then state: "Based on the representation of outside counsel for Julien Mirer, the 2014 Grievance produced by Plaintiff to Defendants was created in 2018, four years after it was purportedly created in 2014." Id. at 7.

As for the good cause, Defendants argue that this 4-day extension is appropriate as Defendants have "diligently pursued this supplemental discovery." Id. Defendants further argue that the Court previously granted a 12-day extension and in addition to the prohibition by the Magistrate Judge from taking depositions between August 22, 2023 and September 6, 2023, "[p]rior to and since August 22, 2023, Defendants have been thwarted by Plaintiff and the subpoenaed parties." Id. This additional time would allow for the taking of the additional depositions and the briefing. Id.

**B. Ms. Mazzocchi's Arguments**

In addition to joining the arguments made by Plaintiff, Ms. Mazzocchi argues that the underlying, unsupported accusation of creating a forged document has caused Ms. Mazzocchi, who is a New York based attorney, to expend over $60,000 to defend herself. ECF No. 156, Mazzocchi Supp. Resp. at 2-3. This is in addition to the emotional toll that this matter has taken. Id. at 3. The supplemental discovery in this regard has been extensive and Ms. Mazzocchi argues that the Magistrate Judge's order "limiting [the] discovery to the two grievances – [was] precisely the position Ms. Mazzocchi had taken from the beginning." See id. at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                                                 Date: September 6, 2023

Title       **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

Ms. Mazzocchi notes that she was deposed on September 12, 202, her deposition was consistent with her declaration, "_i.e._ she did not alter or otherwise edit in any manner the grievance she received from Mr. Pate and she had no knowledge that any other version of the grievance existed before learning about it during these OSC proceedings." Id. at 4-5 (footnote omitted). Further, considering the allegations made against Ms. Mazzocchi, and the sole basis to believe she did anything wrong, was an email from a former paralegal, Mr. Brewer, seeking not to get any further communications regarding the case, and which did not even mention a forgery of the 2014 grievance in his e-mail, and, therefore, Ms. Mazzocchi argues that no further discovery is appropriate from her. Id. at 5-6.

Ms. Mazzocchi then argues that Defendants and their counsel should be sanctioned for making these unfounded accusations against Ms. Mazzocchi pursuant to Rule 11. See id. at 6-7.

**C.  Plaintiff's Arguments**

Plaintiff argues that "[y]et in the face of no evidence to support this claim, Defendants have again tried to smear Plaintiff and his counsel through statements in this ex parte application for extension, which they know to be false." ECF No. 157, Pl's Opp'n to Ex Parte App. at 5. Plaintiff argues that this 11th hour request is "clearly a dilatory tactic and form of gamesmanship." Id. This is because "Defendants' conduct in connection with the supplemental discovery order make clear that they seek to weaponize the court order by engaging in extensive delay, seeking duplicative discovery, seeking to invade privilege, setting up needless disputes, and then rushing to the court for emergency relief on the eve of a deadline." Id. Plaintiff argues that if any extension is granted, this will likely result in a further request for an extension. Id.

First, Plaintiff argues that the standard for an ex parte application has not been met as set forth in the Court's standing order – it is "solely or extraordinary relief." Id. at 5-6 (quoting Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995)). Moreover, this process is only appropriate if a party can show they will be irreparably prejudiced by not following the regular noticed motion procedures and the moving party did not create the crisis, or the crisis occurred as a result of excusable neglect. Id. at 6 (citing and quoting Mission Power Engineering, 883 F. Supp. at 492).

Second, Plaintiff argues that Defendants created this issue. Id. Specifically, Defendants had 67 days from when the Court allowed supplemental discovery on June 27, 2023 in this matter and a month later is when Defendants issued subpoenas to Ms. Mazzocchi, Mr. Brewer and the law firm of Allred Maroko & Goldberg (the "Allred Firm"). Id. Several days later, Defendants issued subpoenas to the Julien Firm and HSRD. Id. Finally, a subpoena to Plaintiff was not issued until September 1, 2023, at which time Defendants asked for their first extension until September 15, 2023. Id. Further, Defendants issued a subpoena to the Uzoh Firm, which represented Plaintiff in a housing case, on September 1, 2023 and was amended on September 6,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                    Date: September 6, 2023

Title   ***Lonnie Pate v. Pacific Harbor Line, Inc., et al.***

2023.  Id. at 7.  In light of this timeline, Plaintiff argues that "Defendants have provided no justification for allowing approximately half of the allotted time for discovery to elapse before issuing subpoenas pursuant to the Court's July [sic] 27 Order."  Id.

In addition to the timing, Plaintiff further argues that Defendants intentionally sought overbroad discovery and did so in to "ensure court intervention, requiring further investment of time and resource from Plaintiff and nonparties."  Id.  This in turn led to significant time and effort in addressing the privilege and scope issues and was the cause for the "freeze" imposed by the Magistrate Judge, which would have been avoidable.  Id.  Considering the scope that was determined to be appropriate by the Magistrate Judge, Plaintiff argues that there was sufficient time to complete the discovery and Defendants should not be rewarded for seeking such discovery.  Id. at 8.

Plaintiff further contends that the discovery already taken is not only sufficient, but excessive, and disproportionate to the needs of the issues of the 2014 grievance.  Id.  This is because prior to the discovery order, Defendants possessed several declarations and a deposition had already occurred where an individual identified the 2014 grievance from Plaintiff.  Id. at 9.  While Defendants sought further discovery under the auspices of having to re-question that witness, of which they asked no questions during his second deposition, Defendants engaged in a wide-ranging fishing expedition "far exceeding the contemplated discovery."  Id.  Moreover, the depositions sought during this portion of the litigation outweighs the deposition discovery Defendants took previously related to the merits of the claim.  Id.

Further, Plaintiff contends, the purpose of the discovery appears to be "laser focused on invading the privilege held by Plaintiff and his counsel."  Id.  This is shown by the fact that Defendants subpoenaed the Uzoh Firm and the Allred Firm, both of which were not involved in the present case.  Id.  Additionally, as was revealed during the hearing before the Magistrate Judge, "defense counsel Ms. Arouh repeatedly spoke with Mr. Brewer regarding his possession of firm documents even as any such documents retained by Mr. Brewer are privileged firm documents to which only Mr. Pate and the Plaintiffs have a rightful claim."  Id.  This then indicates that Defendants have an improper motive for this discovery.  Id. at 9-10.

Plaintiff also contends that based on Defendants' counsel's past discovery behavior and "sanctionable conduct," allowing further time would not be fruitful and would further offer Defendants an opportunity to engage in improper discovery.  Id. at 10.  This would also lead to further delay as it is likely Defendants would re-raise discovery disputes that had been presented to the Magistrate Judge.  Id. at 10-11.  Moreover, Plaintiff's contend the discovery issues do not warrant a further extension.  Id. at 11.  Specifically, as to the purported deficiency regarding the Julien Firm's production, it has provided the transmission documents for the "I Lonnie Pate.docx" document, as well as the transmission e-mail from Ms. Mazzocchi to a paralegal within the Julien Firm, and provided testimony to the fact that the file was uploaded onto the Julien Firm's files.  Id.  Metadata was also provided for the file being uploaded to the Julien

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:21-cv-01300-JWH-SHK                                                        Date: September 6, 2023

Title      **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

Firm's files such that the 2018 date indicates the date it was downloaded and uploaded and "not the date that Plaintiff drafted the grievance." Id. Plaintiff states that Defendants argument in this regard "mischaracterizes the testimony," id., and to suggest that Plaintiff drafted the grievance in 2018 is misleading, id. at 12. Moreover, the Magistrate Judge's order did not specifically address metadata and no metadata was provided by Defendants regarding their version of the grievance. Id. at 12-13. Consequently, the Julien Firm's document production has been sufficient. Id. at 13. As for the deposition of the Julien Firm, after two hours of testimony was provided, it was continued to the following day and the Julien Firm designated a second person for several topics, which Defendants initially agreed to but later disagreed, and the Julien Firm continued to offer a representative to be available for deposition. Id. Therefore, Plaintiff argues, this is also not a basis for an extension. Id.

As for a continued deposition of Plaintiff, this is also not a basis to grant an extension as Defendants have already deposed Plaintiff for two hours (in addition to his previous deposition), and no valid request for documents was provided such that Plaintiff had an obligation to conduct a separate search. Id. at 13-14. Moreover, the document request that was served was done on September 1, 2023, which is violative of the time allowed under Rule 34. Id. at 14.

As for a deposition of Mr. Brewer, "Defendants waited a month before issuing a subpoena to him as they were aware that Mr. Brewer would require time to retain counsel in connection with any deposition. Given this initial delay, no extension should be granted. . . ." Id.

As to the last discovery topic, the opportunity to depose the Uzoh Firm, this is unwarranted because this subpoena was issued on September 1, 2023 and there is no indication the Uzoh Firm has any relevant information. Id.

Finally, Plaintiff argues that an extension of the discovery deadline would be prejudicial because "[i]n adjourning the discovery deadline a second time[,] Defendants would effectively run discovery to the eve of the hearing and [would] no doubt raise new arguments at the hearing." Id. at 15. Plaintiff adds that Defendants make this motion at a time such that it would give Defendants a tactical advantage by previewing Plaintiff's briefing. Id.

### III.    DISCUSSION AND ORDER

The standard for ex parte relief is set out in the District Judge's standing order and set out in Mission Power Engineering Co. 883 F. Supp. at 492, and is as follows: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                             Date: September 6, 2023

Title      **_Lonnie Pate v. Pacific Harbor Line, Inc., et al._**

  Turning to the first element of whether Defendants will be irreparably prejudiced. The Court finds that they will not. In this regard, the Court is focused on the sole purpose of this expanded discovery, which is to get to the bottom of whether a forged document was knowingly submitted by counsel in prosecuting this lawsuit.

  In this regard then, Defendants have received declarations from Ms. Mazzocchi, the Julien Firm, and HSRD, all officers of this Court, regarding this aspect. The Court even gave leeway to depose these individuals and law firms – a highly unusual grant of discovery from current and former opposing counsel in a currently pending lawsuit. Moreover, with respect to the continued 30(b)(6) deposition of the Julien Firm, Defendants have provided no authority indicating that multiple persons may not be designated for different topics. Additionally, the Julien Firm did produce a deponent and Defendants chose not to proceed.

  As for the documents and material sought, Defendants received the transmission of the 2014 grievance, which differs from Defendants' version from Plaintiff to the Julien Firm and an explanation that the storing of the "I Lonnie Pate.docx" created new metadata. This metadata of the original transfer of the document in 2018 appears to also have been provided.

  Defendants continue to seek the metadata of the "I Lonnie Pate.docx" once it resided on counsels' servers. However, if the document Plaintiff's counsel received in 2018 from Plaintiff is the same version that Defendants contend was modified to include the racial epithets and other added language, this ends the inquiry and anything Plaintiff's counsel did after this point is irrelevant. Defendants' have made no such allegation that the document Plaintiff's counsel received in 2018 was different from what they contend is the modified version.

  Defendants have also deposed Plaintiff twice and the documents they now seek were sought pursuant to a document request that was served on September 1, 2023. Defendants' have not identified any area of inquiry that remains.

  As for the materials sought from the Uzoh Firm, which Defendants continue to seek, and the material that Defendants sought to obtain from the Allred Firm, it is this Magistrate Judge's opinion that Defendants and their counsel have indeed weaponized and abused the trust given to them to by this Court. The Magistrate Judge learned for the first time in this briefing that the Uzoh Firm was Plaintiff's counsel in another lawsuit. This information is not relevant and is out of bounds. Similarly, though Defendants do not appear to continue to seek information from the Allred Firm, it shows a disturbing pattern of seeking information from sources that should have been known to be privileged or otherwise protected.

  As for the deposition of Mr. Brewer, the Court finds that this delay was Defendants' own doing and is not excusable neglect, especially considering that Mr. Brewer's e-mail was the genesis of this issue, and that a subpoena noticed to him was not served until over a month after the Court's supplemental discovery order on June 27, 2023. Though some of the fault may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01300-JWH-SHK                                                    Date: September 6, 2023

Title      ***Lonnie Pate v. Pacific Harbor Line, Inc., et al.***

because of the deposition freeze, the over breadth of Defendants' overall discovery requests and procedures warranted the freeze considering the potential disclosure of privileged information.

Finally, and the Magistrate Judge does not take this lightly, though the Magistrate Judge is not prepared to make any referral regarding Defendants' counsels' actions, the Magistrate Judge is extremely bothered by the contact that was made of Mr. Brewer by Defendants' counsel who they knew was a paralegal (either former or current) at opposing counsel's law firm and who was not represented.  A more fulsome hearing in this regard may be appropriate to determine what, if any, privileged information may have been sought and shared with Defendants' counsel.  This, however, also may not fall within the purview of the Magistrate Judge's discovery related authority, but counsel are free to raise this issue with the District Judge.

There is also a disturbing pattern of accusations by Defendants' counsel that may or may not be based on external information related to the manipulation of the grievance document.  Specifically, in this briefing, Defendants' counsel states: "Based on the representation of outside counsel for Julien Mirer, the 2014 Grievance produced by Plaintiff to Defendants was created in 2018, four years after it was purportedly created in 2014."  ECF No. 154-1, Defs.' Mem. at 7.  This is not what was purported to be conveyed nor stated during the hearing before the Magistrate Judge.

Though the Magistrate Judge will give the benefit of the doubt based on the slip of the keyboard, or in case there is other information to corroborate this—which has not been presented by Defendants' counsel, the "I Lonnie Pate.docx" document was <u>uploaded</u> to the Julien Firm's systems in 2018 and this created a new document on the system.  There is no indication that the 2014 grievance produced by Plaintiff's counsel was created for the first time in 2018.  Defendants' argument that jumps to the conclusion stated above is serious and should not be made lightly against opposing counsel.  Though no action will be taken at this time, the Magistrate Judge will later determine whether an Order to Show Cause is appropriate to require Defendants' counsel to justify such an allegation against opposing counsel.

Therefore, Defendants' Ex Parte Application for an Order Briefly Extend September 15, 2023 Discovery and Supplemental Briefing Deadlines to September 21, 2023 is **DENIED.**

**IT IS SO ORDERED.**